DEBRA J. CARFORA
ANDREW COGHLAN
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC. 20044-7611
(202) 514-2640
(202) 514-8865 (fax)
debra.carfora@usdoj.gov

*Attorneys for Federal Defendant*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CITY OF IMPERIAL BEACH, a municipal corporation, SAN DIEGO UNIFIED PORT DISTRICT, a public corporation, and CITY OF CHULA VISTA, a municipal corporation,<br><br>Plaintiffs,<br><br>v.<br><br>THE INTERNATIONAL BOUNDARY & WATER COMMISSION – UNITED STATES SECTION, an agency of the United States, and VEOLIA WATER NORTH AMERICA – WEST, LLC,<br><br>Defendants. | Civil Action No. 3:18-cv-00457-JM-LL<br><br>**FEDERAL DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendant the United States' Section of the International Boundary and Water Commission ("USIBWC") by and through its undersigned counsel, responds to the numbered allegations of the Second Amended Complaint (ECF No. 31) filed by Plaintiffs City of Imperial Beach, San Diego Unified Port District, and City of Chula Vista as follows:

## I.  <u>INTRODUCTION</u>

1.  The allegations set forth in Paragraph 1 purport to characterize the Second Amended Complaint and constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

2.  The allegations set forth in Paragraph 2 are denied, except to admit the following:  the USIBWC is the owner of the South Bay International Wastewater Treatment Plant ("SBIWTP"), five canyon collectors, two pump stations, the South Bay Land Outfall, South Bay Ocean Outfall, and other associated infrastructure (collectively referred to as "Facilities").  The USIBWC contracts with Veolia to operate and maintain the Facilities.  The South Bay Land Outfall is jointly owned with the City of San Diego, and that the South Bay Ocean Outfall is jointly owned and operated with the City of San Diego.  The USIBWC operates and maintains the Tijuana River Flood Control Structure, located in southern San Diego County, California.

3.  The allegations set forth in the first sentence of Paragraph 3 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.  The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in the second sentence of Paragraph 3.  The USIBWC denies the allegations set forth in the third and fourth sentences of Paragraph 3.

4.     The USIBWC denies the allegations set forth in the first, second, and third sentences of Paragraph 4, except to admit that toxins, and bacterial and viral pathogens, including, but not limited to, hepatitis, enteroviruses, and vibrio, have been present in and around coastal beaches. The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in the fourth sentence of Paragraph 4.

5.     The allegations set forth in the first sentence of Paragraph 5 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.  The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in the second and third sentences of Paragraph 5.

6.     The USIBWC denies the allegations set forth in Paragraph 6.

7.     The USIBWC admits that Plaintiffs notified it of their intent to sue on September 27, 2017, that it participated in a December 12, 2017 workshop to discuss solutions to the ongoing problem of cross-border water pollution in the San Diego region, and that it received from the San Diego Regional Water Quality Control Board a list of priority projects on January 26, 2018.  The USIBWC denies the allegations set forth in the fourth sentence of Paragraph 7.  The remaining allegations set forth in Paragraph 7 purport to characterize the San Diego Regional Water Quality Control Board's January 26, 2018 list of priority projects and otherwise constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

8.     The USIBWC admits the allegations set forth in the first sentence of Paragraph 8.  The remaining allegations set forth in Paragraph 8 purport to characterize the USIBWC's response to the San Diego Regional Water Quality Control Board's January 26, 2018 list of priority projects and

otherwise constitute conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

9. The USIBWC admits the allegations set forth in the first sentence of Paragraph 9. The remaining allegations set forth in Paragraph 9 purport to characterize the San Diego Regional Water Quality Control Board's letter of April 13, 2018, and otherwise constitute conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

10. The USIBWC admits the allegations set forth in Paragraph 10.

11. The allegations set forth in the first sentence of Paragraph 11 purport to characterize the Second Amended Complaint and constitute conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied. The USIBWC denies the allegations set forth in the second sentence of Paragraph 11.

12. The USIBWC denies the allegations set forth in Paragraph 12.

13. The USIBWC denies the allegations set forth in the first sentence of Paragraph 13. The remaining allegations set forth in Paragraph 13 purport to characterize the Second Amended Complaint and constitute conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

## II. PARTIES

### A. Plaintiffs

14. The USIBWC admits the allegations set forth in Paragraph 14.

15. The USIBWC admits the allegations set forth in Paragraph 15.

16. The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 16.

17. The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 17.

18. The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 18.

19. The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 19.

20. The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in the first sentence of Paragraph 20. The allegations set forth in the second sentence of Paragraph 20 constitute conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

21. The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 21.

22. The USIBWC admits the allegations set forth in Paragraph 22.

23. The USIBWC admits the allegations set forth in Paragraph 23.

24. The USIBWC admits the allegations set forth in the first sentence of Paragraph 24. The allegations set forth in the remainder of Paragraph 24 purport to characterize the Second Amended Complaint and constitute conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

25. The USIBWC admits the allegations set forth in Paragraph 25.

26. The USIBWC admits the allegations set forth in the first sentence of Paragraph 26. The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in the second sentence of Paragraph 26.

27. The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 27.

28. The allegations set forth in Paragraph 28 constitute conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

1
2
3      **B.      Defendants**

4      29.    The USIBWC admits that it is an agency and instrumentality of
5  the United States government tasked with negotiating binational solutions to
6  issues that arise under bilateral treaties with Mexico regarding, among other
7  things, flood control, sanitation, and water quality in the entire border
8  region.  The allegations set forth in Paragraph 29 are otherwise denied.

9      30.    The allegations set forth in Paragraph 30 purport to characterize
10  the 1944 Treaty for Utilization of the Waters of the Colorado and Tijuana
11  Rivers and of the Rio Grande ("1944 Treaty"), which speaks for itself and
12  provides the best evidence of its contents.  Any allegations contrary to the
13  Treaty's plain language, meaning, or context are denied.

14      31.    The USIBWC admits that, under the terms of the 1944 Treaty
15  relating to the Tijuana River, the United States and Mexico approved
16  funding for the construction and operation of certain flood control and
17  wastewater treatment infrastructure in the Tijuana River Valley.  The
18  allegations set forth in the first sentence of Paragraph 31 are otherwise
19  denied.  The allegations set forth in the second sentence of Paragraph
20  31purport to characterize the Second Amended Complaint, to which no
21  response is required.  To the extent a response is required, the allegations are
22  denied.

23      32.    The USIBWC admits the allegations set forth in Paragraph 32.

24      33.    The allegations set forth in Paragraph 33 constitute conclusions
25  of law, to which no response is required.  To the extent a response is
26  required, the allegations are denied.

27
28

## III.   JURISDICTION AND VENUE

34.   The allegations set forth in Paragraph 34 purport to characterize the Second Amended Complaint and constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

35.   The USIBWC admits that it received notice of Plaintiffs' intent to sue for violations of the CWA, and notice of Plaintiffs' intent to sue for violations of RCRA, on September 27, 2017, that more than ninety days have passed, and that a copy of Plaintiffs' combined CWA and RCRA "Notice of Intent" letter is attached as Exhibit A to the Second Amended Complaint.  The allegations set forth in the remainder of Paragraph 35 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

36.   The allegations set forth in Paragraph 36 purport to characterize the Second Amended Complaint and constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

37.   The allegations set forth in Paragraph 37 purport to characterize the Second Amended Complaint and constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

## IV.   FACTUAL ALLEGATIONS

### A.   The Tijuana River Valley.

38.   The allegations set forth in Paragraph 38 purport to characterize the Second Amended Complaint and no response is required.

39.   The USIBWC admits the allegations in Paragraph 39.

40.   The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in the remainder of Paragraph 40.

7

41.     The USIBWC admits that the Tijuana River is an international river that flows through the city of Tijuana, Mexico, to the international boundary and then continues into the United States. The remainder of the allegations set forth in the first sentence of Paragraph 41 constitute conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied. The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in the second sentence of Paragraph 41.

42.     The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 42.

43.     The USIBWC admits that it built in 1978 a flood control structure designed solely to protect nearby communities and infrastructure from flood damage. The remainder of the allegations set forth in Paragraph 43 constitute conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

44.     The allegations set forth in Paragraph 44 purport to characterize a map contained in the Second Amended Complaint and constitute conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

45.     The USIBWC denies the allegations in Paragraph 45.

46.     The USIBWC admits that the Tijuana River flows from Mexico into the United States to the Pacific Ocean through the Tijuana River Valley. The allegations set forth in remainder of Paragraph 46 purport to characterize the Second Amended Complaint and constitute conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

47.     The allegations set forth in the first sentence of Paragraph 47 constitute conclusions of law, to which no response is required. To the

extent a response is required, the allegations are denied. The USIBWC denies the allegations set forth in the second sentence of Paragraph 47.

48. The USIBWC denies the allegations in Paragraph 48.

49. The USIBWC admits that the Tijuana River from the point it crosses the border to its eventual terminus at the Pacific Ocean is navigable in the traditional sense of the word. The allegations set forth in Paragraph 49 are otherwise denied.

50. The USIBWC admits the allegations in Paragraph 50.

51. The USIBWC admits that water flows across the international boundary at the points indicated in Paragraph 51 of the Second Amended Complaint, but otherwise denies the allegation in Paragraph 51.

52. The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 52.

**B.** **USIBWC Facilities in the Tijuana River Valley.**

53. The USIBWC admits the allegations set forth in Paragraph 53.

54. The USIBWC admits that is it the owner of the SBIWTP, which is located in the area depicted in the schematic by a yellow polygon marked "SBIWTP." The allegations set forth in Paragraph 54 are otherwise denied.

55. The USIBWC admits the allegations set forth in Paragraph 55.

56. The allegations set forth in Paragraph 56 purport to characterize the National Pollution Discharge Elimination System ("NPDES") permit CA0108928 (California Waste Discharge Requirement Order R9-2014-0009 as amended by Order R9-2014-0094) ("NPDES Permit"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the NPDES Permit's plain language, meaning, or context are denied.

57. The USIBWC admits the allegations set forth in Paragraph 57.

58.     The USIBWC denies the allegations in first sentence of Paragraph 58.  The USIBWC admits the allegations set forth in remainder of Paragraph 58.

59.     The USIBWC admits that dry weather flow in the Tijuana River that would otherwise flow into the United States is diverted from the river bed at the international border through a River Diversion Structure located on the Mexican side of the border ("CILA Diversion").  The USIBWC also admits that dry weather flows occasionally cross into the United States when the CILA Diversion malfunctions.  The allegations set forth in Paragraph 59 are otherwise denied.

60.      The USIBWC admits that it operates and maintains a flood control system along the Tijuana River, which includes a concrete and rock-lined channel extending from the United States-Mexico boundary downstream 0.9 miles before emptying into unimproved sections of the Tijuana River.  The USIBWC denies the allegations set forth in the remainder of Paragraph 60.

61.     The first sentence of Paragraph 61 purports to characterize the USIBWC's website, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the website's plain language, meaning, or context are denied.  The USIBWC denies the allegations in the remainder of Paragraph 61.

62.     The USIBWC admits that the flood control structure is generally dry, with a base of sediment that has built up during past flows. The allegations set forth in Paragraph 62 are otherwise denied.

63.     The USIBWC admits that waters that flow through the flood control structure are not diverted and simply flow by gravity into unaltered downstream sections of the Tijuana River.  The first sentence of Paragraph 63 is otherwise denied.  The USIBWC admits that it, in cooperation with its

Mexican counterpart, Comisión Internacional de Límites y Agua ("CILA"), constructed a temporary earthen berm along the border to prevent fugitive dry weather flows from crossing the international boundary by redirecting those flows to the CILA Diversion. The second sentence of Paragraph 63 is otherwise denied. The USIBWC admits that the earthen berm on the border was not designed to detain high-volume flows but otherwise denies the allegations set forth in Paragraph 63's remainder.

64. The USIBWC admits the allegations set forth in Paragraph 64.

65. The USIBWC admits the allegation set forth in Paragraph 65.

66. The USIBWC admits that canyon collectors consist in part of a concrete channel that directs transboundary flow to a shallow basin that is equipped with a screen covered drain. Dry weather flows are diverted through the canyon collector system's pipes, pumps, and junction boxes, to the SBIWTP for treatment and disposal through the South Bay Ocean Outfall in compliance with the NPDES Permit. Any quantity of flows in the canyons exceeding the maximum design capacity of the canyon collectors will flow uncaptured past the canyon collectors through the natural drainage channels in which the collectors are situated. USIBWC also admits that the canyon collector system has valves that can control the amount of water flowing into the SBIWTP. The allegations set forth in the Paragraph 66 are otherwise denied.

67. The USIBWC denies the allegations set forth in Paragraph 67.

68. The allegations set forth in Paragraph 68 constitute conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

69. The allegations in Paragraph 69 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

### C.     **Pollution and Waste Regularly Discharge from USIBWC Facilities.**

70.     The USIBWC admits that transboundary flows contain pollutants but otherwise denies the allegations set forth in Paragraph 70.

71.     The USIBWC denies the allegations set forth in Paragraph 71.

72.     The USIBWC denies the allegations set forth in Paragraph 72.

73.     The allegations set forth in Paragraph 73 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

74.     The allegations set forth in Paragraph 74 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

75.     The allegations set forth in Paragraph 75 purport to characterize Exhibit B to the Second Amended Complaint and otherwise constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied except to admit that spill and transboundary wastewater flow reporting requirements have been established in the NPDES Permit, which speaks for itself and provides the best evidence of its contents.  Any allegations contrary to the NPDES Permit's plain language, meaning, or context are denied.

76.     The allegations set forth in Paragraph 76 constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied except to admit that waters that pass through the flood control structure are not subjected to any intervening use.

77.     The USIBWC denies the allegations set forth in Paragraph 77.

78.     The USIBWC denies the allegations set forth in Paragraph 78.

79.     The USIBWC denies the allegations set forth in Paragraph 79.

80.     The USIBWC denies the allegations set forth in Paragraph 80.

81. The USIBWC denies the allegations set forth in Paragraph 81.

82. The allegations set forth in Paragraph 82 purport to characterize the "Spill and Transboundary Wastewater Flow Event Prevention and Response Plan" and the NPDES Permit which speak for themselves and provide the best evidence of their contents. Any allegations contrary to those documents' plain language, meaning, or context are denied. The allegations set forth in the remainder of Paragraph 82 constitute conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied except to admit that the USIBWC contracts with Veolia to operate and maintain the SBIWTP.

83. The allegations in the first sentence of Paragraph 83 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. The USIBWC admits that the canyon collectors are regularly cleaned and that small sediment ridges were created inside the collectors' channels to direct flow into the collectors' drains, but otherwise denies the allegations in Paragraph 83.

84. The allegations in the first sentence of Paragraph 84 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied. The USIBWC admits that small sediment ridges were created inside the canyon collectors' channels to direct flow into the collectors' drains, but otherwise denies the allegations in Paragraph 84.

85. The allegations in Paragraph 85 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

86. The allegations in Paragraph 86 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

87.     The allegations in Paragraph 87 are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

88.     The allegations set forth in Paragraph 88 purport to characterize Exhibit C to the Second Amended Complaint and otherwise constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied except to admit that spill and transboundary wastewater flow reporting requirements have been established in the NPDES Permit.  The NPDES Permit and any reports issued pursuant to the NPDES Permit speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, or context of the NPDES Permit or reports issued pursuant to the NPDES Permit are denied.

89.     The allegations set forth in Paragraph 89 purport to characterize Exhibit D to the Second Amended Complaint and otherwise constitute conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied except to admit that canyon collector inspection reporting requirements have been established in the NPDES Permit.  The NPDES Permit and any reports issued pursuant to the NPDES permit speak for themselves and provide the best evidence of their contents.  Any allegations contrary to the plain language, meaning, or context of the NPDES Permit or reports issued pursuant to the NPDES Permit are denied.

90.     The USIBWC denies the allegations set forth in Paragraph 90.

91.     The USIBWC denies the allegations set forth in Paragraph 91.

### D.  **Pollutants and Wastes Discharging from USIBWC Facilities and their Impacts.**

92.     The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in the first sentence of Paragraph 92. The remaining allegations in Paragraph 92 are otherwise denied except to admit that e. coli, total coliforms, and enterococcus are present in the Tijuana River.

93.     The USIBWC admits only that e. coli and enterococcus may indicate the presence of fecal contamination in water.  The allegations in Paragraph 93 are otherwise denied.

94.     The USIBWC admits that solid waste is sometimes carried across the border by the Tijuana River.  The allegations in Paragraph 94 are otherwise denied.

95.     The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 95.

96.     The USIBWC denies the allegations in Paragraph 96.

97.     The allegations set forth in Paragraph 97 purport to characterize Exhibit C to the Second Amended Complaint.  The USIBWC admits only that spill and transboundary wastewater flow reporting requirements have been established in the NPDES Permit.  Reports made under the NPDES Permit speak for themselves and provide the best evidence of their contents. Any allegations contrary to the plain language, meaning, or context of those reports are denied.

98.     The USIBWC denies the allegations in Paragraph 98.

99.     The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 99.

100.    The allegations in Paragraph 100's first sentence constitute conclusions of law to which no response is required.  To the extent a

response is required, the allegations are denied. The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in the remainder of Paragraph 100.

101.    The USIBWC lacks knowledge and information sufficient to admit or deny the allegations set forth in Paragraph 101.

102.    The allegations in Paragraph 102 are conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

    a.  The USIBWC denies the allegations in sub-paragraph 102.a.

    b.  The USIBWC denies the allegations in sub-paragraph 102.b.

    c.  The USIBWC denies the allegations in sub-paragraph 102.c.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### 33 U.S.C. §§ 1311(a) & 1342

### Discharges of Pollutants Without a NPDES Permit in Violation of the CWA Against the International Boundary and Water Commission – United States Section.

103.    The USIBWC incorporates by reference all answers set forth above.

104.    The allegations set forth in Paragraph 104 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

105.    The allegation set forth in Paragraph 105 is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

106. The allegations set forth in Paragraph 106 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

107. The allegation set forth in Paragraph 107 is a legal conclusion to which no response is required. To the extent that a response is required, the allegation is denied.

108. The allegations set forth in Paragraph 108 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

109. The USIBWC admits that the flood control structure is not subject to the NPDES Permit, but otherwise denies the allegations in Paragraph 109.

110. The allegations set forth in Paragraph 110 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

111. The allegations set forth in Paragraph 111 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

112. The allegations set forth in Paragraph 112 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

113. The allegations set forth in Paragraph 113 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

114. The allegations set forth in Paragraph 114 purport to characterize the Second Amended Complaint and require no response. To the extent a response is required, the allegations are denied.

## SECOND CAUSE OF ACTION
## 33 U.S.C. §§ 1311(a) & 1342
## Discharges of Pollutants in Violation of the CWA and NPDES Permit
## CA0108928
## Against All Defendants.

115.    The USIBWC incorporates by reference all answers set forth above.

116.    The allegations set forth in Paragraph 116 are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

117.    The allegations set forth in Paragraph 117 are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

118.    The allegations set forth in Paragraph 118 are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

119.    The allegations set forth in Paragraph 119 are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

120.    The allegations set forth in Paragraph 120 are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

121.    The allegations set forth in Paragraph 121 are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

122.    The allegations set forth in Paragraph 122 are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

123. The allegations set forth in Paragraph 123 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

124. The allegations set forth in Paragraph 124 purport to characterize the Second Amended Complaint and no response is required. To the extent a response is required, the allegations are denied.

### THIRD CAUSE OF ACTION

### 42 U.S.C. § 6972(a)(1)(B)

### Contribution to an Imminent and Substantial Endangerment under RCRA

### Against All Defendants.

125. The USIBWC incorporates by reference all answers set forth above.

126. The allegations set forth in Paragraph 126 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

127. The allegations set forth in Paragraph 127 are legal conclusions to which no response is required. To the extent that a response is required, the allegation is denied.

128. The allegations set forth in Paragraph 128 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

a. The allegations set forth in sub-paragraph 128.a are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

i. The allegations set forth in sub-sub-paragraph 128.a.i are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

19

ii.     The allegations set forth in sub-sub-paragraph 128.a.ii are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

iii.     The allegations set forth in sub-sub-paragraph 128.a.iii are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

b.     The allegations set forth in sub-paragraph 128.b are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

i.     The allegations set forth in sub-sub-paragraph 128.b.i are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

ii.     The allegations set forth in sub-sub-paragraph 128.b.ii are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

iii.     The allegations set forth in sub-sub-paragraph 128.b.iii are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

c.     The allegations set forth in sub-paragraph 128.c are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

d.     The allegations set forth in sub-paragraph 128.d are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

i.     The allegations set forth in sub-sub-paragraph 128.d.i are legal conclusions to which no response is required.  To the extent that a response is required, the allegations are denied.

ii. The allegations set forth in sub-sub-paragraph 128.d.ii are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

iii. The allegations set forth in sub-sub-paragraph 128.d.iii are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

e. The allegations set forth in sub-paragraph 128.e are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

i. The allegations set forth in sub-sub-paragraph 128.e.i are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

ii. The allegations set forth in sub-sub-paragraph 128.e.ii are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

iii. The allegations set forth in sub-sub-paragraph 128.e.iii are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

iv. The allegations set forth in sub-sub-paragraph 128.e.iv are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

f. The allegations set forth in sub-paragraph 128.f are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

129. The allegations set forth in Paragraph 129 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

130. The allegations set forth in Paragraph 130 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

131. The allegations set forth in Paragraph 131's first sentence are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied. The USIBWC lacks knowledge or information sufficient to admit or deny the allegations in the remainder of Paragraph 131.

132. The allegations set forth in Paragraph 132 are legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

133. The allegations set forth in Paragraph 133 purport to characterize the Second Amended Complaint and no response is required. To the extent a response is required, the allegations are denied.

## VI. <u>PRAYER FOR RELIEF</u>

The remaining paragraphs of Plaintiffs' Second Amended Complaint consist of Plaintiffs' request for relief, which does not require a response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to any of the relief sought or to any other relief.

## GENERAL DENIAL

The USIBWC denies each and every allegation of the Second Amended Complaint not specifically admitted in its responses to the Second Amended Complaint's specific paragraphs, set forth above. To the extent that any allegations of fact in the Second Amended Complaint remain unanswered, the USIBWC denies such allegations.

## DEFENSES

1. This Court lacks subject matter jurisdiction over Plaintiff's claims.

2. The Second Amended Complaint fails in whole or in part to state a claim upon which relief can be granted.

3. To the extent that Plaintiff's claims are partially or completely barred by laches, waiver, collateral estoppel, res judicata, equitable estoppel, and/or similar equitable doctrines, the claim should be dismissed.

4 The actions of the USIBWC alleged by the Second Amended Complaint are partially or completely exempt or excepted from Clean Water Act jurisdiction.

5. Plaintiffs' claims are barred, in whole or in part, because the alleged injuries or damages, if any, resulted from an intervening or superseding cause or causes.

6. Plaintiffs' claims are barred, in whole or in part, because the acts or omissions of other persons or entities, whether named or unnamed in the Second Amended Complaint, over whom the USIBWC has no supervision or control and for whose actions and omissions USIBWC has no legal responsibility, caused and/or contributed to the alleged damages.

7. Plaintiffs' claims are barred by the permit shield defense.

8. Defendants reserve the right to assert such affirmative defenses that may appear applicable during the course of this litigation.

Wherefore, Defendant prays that this Court enter judgment in favor of the Defendant and against Plaintiff, dismiss the Second Amended Complaint against the Defendants, deny all of Plaintiffs' claims for relief and costs, and grant such other relief as the Court may deem just and proper.

Respectfully submitted this 26th day of December, 2018.


/s/ Andrew S. Coghlan
DEBRA J. CARFORA
ANDREW S. COGHLAN
Attorneys for Defendant

International Boundary and Water
Commission, United States Section