Thomas H. Bienert, Jr., State Bar No. 135311
tbienert@bmkattorneys.com
Anne Uyeda, State Bar No. 235306
auyeda@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile  (949) 369-3701

Attorneys for Defendant
VEOLIA WATER NORTH AMERICA-
WEST, LLC

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF IMPERIAL BEACH, a municipal corporation, SAN DIEGO UNIFIED PORT DISTRICT, a public corporation, and CITY OF CHULA VISTA, a municipal corporation,<br><br>       Plaintiffs,<br>  vs.<br><br>THE INTERNATIONAL BOUNDARY & WATER COMMISSION-UNITED STATES SECTION, an agency of the United States, and VEOLIA WATER NORTH AMERICA - WEST, LLC,<br><br>       Defendants. | Case No. 18cv0457 JM(JMA)<br><br>**DEFENDANT VEOLIA WATER NORTH AMERICA – WEST, LLC'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendant Veolia Water North America – West, LLC ("Veolia") hereby answers plaintiffs City of Imperial Beach, San Diego Unified Port District, and City of Chula Vista's (collectively, "Plaintiffs") Second Amended Complaint ("SAC"), as follows:

## GENERAL RESPONSES

Except as expressly admitted herein, Veolia denies any and all material allegations in the SAC. The numbered paragraphs of this answer correspond to the paragraphs as numbered in the SAC. To the extent paragraphs in the SAC are grouped under headings, Veolia responds generally that such headings and groupings are conclusions of law or fact and denies each and every such allegation made or implied by such headings or groupings.

## SPECIFIC RESPONSES

1.      Veolia lacks knowledge or information sufficient to form a belief as to the truth of the first sentence of Paragraph 1 and, on that basis, denies the allegations of this sentence. The allegations in the second sentence of Paragraph 1 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies the allegations.

2.      With respect to the allegations contained in the first sentence of Paragraph 2, Veolia admits that it operates flood control and wastewater collection and treatment infrastructure in the Tijuana River Valley. Veolia also admits that the International Boundary and Water Commission – United States Section ("USIBWC") owns and operates flood control and wastewater collection and treatment infrastructure in the Tijuana River Valley. Veolia denies the remaining allegations contained in Paragraph 2.

3.      Veolia denies the allegations in the first and fourth sentence of Paragraph 3. Veolia lacks knowledge or information sufficient to form a belief as to the truth of the second and third sentences of Paragraph 3 and, on that basis, denies the allegations of those sentences.

4. Veolia denies the allegations in the first sentence of Paragraph 4. Veolia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and, on that basis, denies the allegations of those sentences.

5. The allegations in the first sentence of Paragraph 5 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies the allegations. Veolia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and, on that basis, denies the allegations of those sentences.

6. Veolia denies the allegations contained in Paragraph 6.

7. Veolia admits that on September 27, 2017, Plaintiffs notified Veolia of their intent to sue. Veolia lacks knowledge or information sufficient to form a belief as to whether the notice "compelled USIBWC to initiate yet another discussion of solutions in the Valley" as alleged in the second sentence of Paragraph 7 and, on that basis, denies the allegations of this sentence. Veolia admits that at the December 12, 2017 meeting, the San Diego Regional Water Quality Control Board ("Water Board") requested that the USIBWC consider implementing a number of projects, and these projects were memorialized by a Water Board memorandum circulated on January 26, 2018. As to the remaining allegations in the fourth sentence of Paragraph 7, Veolia denies the allegations. As to the allegations in the fifth sentence of Paragraph 7, the document speaks for itself. Veolia denies any allegations that are inconsistent with or misrepresent the terms of the document. The allegations in the last sentence of Paragraph 7 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies the allegations. As to all other remaining allegations not specifically admitted in Paragraph 7, Veolia lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

8. Veolia admits the allegations contained in the first sentence of Paragraph 8. As to the allegations contained in the second sentence of Paragraph 8, the document

speaks for itself.  Veolia denies any allegations that are inconsistent with or misrepresent the terms of the document.

9.     Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, on that basis, denies those allegations.

10.     Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, denies those allegations.

11.     The allegations in the first sentence of Paragraph 11 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies the allegations.  As to the remaining allegations in Paragraph 11, Veolia lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

12.     The allegations in Paragraph 12 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies the allegations.

13.     Veolia denies the allegations contained in the first and second sentences of Paragraph 13.  The allegations in the remaining sentences of Paragraph 13 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies the allegations.

14.     The allegations in Paragraph 14 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia admits the allegations.

15.     Veolia admits the allegations contained in the first and second sentences of Paragraph 15.  Veolia lacks knowledge or information sufficient to form a belief as to the truth of the third sentence of Paragraph 15 and, on that basis, denies the allegations of that sentence.

16.     Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, denies those allegations.

17.     Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, denies those allegations.

18.     Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies those allegations.

19.     Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, denies those allegations.

20.     Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 20 and, on that basis, denies those allegations.  Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 20 regarding the City of Imperial Beach's commitments and, on that basis, denies those allegations.  The allegations in the remainder of the second sentence of Paragraph 20 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies the allegations.

21.     Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, denies those allegations.

22.     The allegations in Paragraph 22 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia admits the allegations.

23.     The allegations in Paragraph 23 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia admits the allegations.

24.     The allegations in the first sentence of Paragraph 24 are legal arguments and/or conclusions, which do not require a response; to the extent a response is required, Veolia admits those allegations.  The allegations in the second and third sentences of Paragraph 24 are legal arguments and/or conclusions, which do not require a response; to the extent a response is required, Veolia denies those allegations.

25. The allegations in Paragraph 25 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia admits the allegations.

26. Veolia admits the allegations contained in the first sentence of Paragraph 26. Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 26 and, on that basis, denies those allegations.

27. Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and, on that basis, denies those allegations.

28. The allegations in Paragraph 28 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies those allegations.

29. The allegations in Paragraph 29 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia admits the allegations.

30. As to the allegations contained in Paragraph 30, the document speaks for itself. Veolia denies any allegations that are inconsistent with or misrepresent the terms of the document.

31. As to the allegations contained in Paragraph 31 regarding what the Treaty of 1944 requires, the document speaks for itself. Veolia denies any allegations that are inconsistent with or misrepresent the terms of the document. Otherwise, Veolia admits that USIBWC has constructed, operated, and/or contracted to operate, and maintained flood control and wastewater collection, conveyance, and treatment infrastructure in the Tijuana River Valley. Veolia denies that Section IV.B of the SAC accurately describes the USIBWC facilities.

32. Veolia admits the allegations contained in the first sentence of Paragraph 32. Veolia admits that it maintains its corporate headquarters in Boston, Massachusetts; maintains offices in Contra Costa County, California; and San Diego in San Diego

County, California as alleged in the second sentence of Paragraph 32. Veolia, however, denies that it maintains offices in Walnut Creek, California. Veolia admits that it contracts with USIBWC to operate and maintain the South Bay International Wastewater Treatment Plant (the "South Bay Plant") in San Diego, California. Veolia admits that it is a wholly-owned subsidiary of Veolia Water North America Operating Services, LLC.

33. Veolia admits that it contracted to operate and operated the South Bay Plant in San Diego County, California. The remaining allegations of Paragraph 33 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia admits those allegations.

34. The allegations in Paragraph 34 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies those allegations.

35. Veolia admits that it and USIBWC were served with a notice of Plaintiffs' intent to sue for certain alleged violations of the CWA and for certain alleged violations of RCRA on or about September 27, 2017. Veolia admits the allegations contained in the second sentence of Paragraph 35. The allegations in the third sentence of Paragraph 35 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies those allegations. Veolia admits the allegations contained in the fourth sentence of Paragraph 35. Veolia admits that Exhibit A to the SAC is a copy of Plaintiffs' "Notice of Intent" letter as alleged in the fifth sentence of Paragraph 35.

36. The allegations in Paragraph 36 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies those allegations.

37. The allegations in Paragraph 37 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies those allegations.

38.     Paragraph 38 contains Plaintiffs' definition of terms used in the SAC to which no response is required.

39.     Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, denies those allegations.

40.     Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis, denies those allegations.

41.     Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, on that basis, denies those allegations.

42.     Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, denies those allegations.

43.     Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and, on that basis, denies those allegations.

44.     Plaintiffs purport to characterize a map contained in the SAC, which constitutes legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia admits that the map depicts the border and the Tijuana River Valley.  Veolia denies the remainder of the allegations in Paragraph 44.

45.     The allegations in the first sentence of Paragraph 45 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies those allegations.  Veolia denies the allegations in the second sentence of Paragraph 45.

46.     Veolia denies the allegations in Paragraph 46.

47.     Veolia denies the allegations in Paragraph 47.

48.     Veolia denies the allegations in Paragraph 48.

49.     The allegations in Paragraph 49 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and, on that basis, denies those allegations

50.     Veolia denies the allegations in Paragraph 50.

51. Veolia admits that wastewater, precipitation, and other water crosses the border into the United States at multiple locations along the U.S./Mexico border, including at those areas identified in the map contained in Paragraph 51. As for the remaining allegations in Paragraph 51, Veolia denies those allegations.

52. Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies those allegations.

53. Veolia admits the allegations contained in Paragraph 53.

54. Veolia admits the first and second sentences of Paragraph 54. Veolia further admits that the South Bay Plant is situated north of the international border and near the Tijuana River. Veolia further admits that the South Bay Plant is depicted by a yellow polygon in the schematic on page 15 of the SAC. Veolia denies the remaining allegations in Paragraph 54.

55. Veolia admits that the South Bay Plant operates under and is subject to the terms of National Pollution Discharge Elimination System ("NPDES") permit CA0108928. Veolia admits that the NPDES permit consists of Order No. R9-2014-0009 as amended by Order No. R9-2014-0094, however denies that these are the only orders comprising the NPDES permit. The NPDES permit has been further amended by Order No. R9-2017-0024.

56. As to the allegations in Paragraph 56, the document speaks for itself. Veolia denies any allegations that are inconsistent with or misrepresent the terms of the document.

57. Veolia admits the allegations contained in Paragraph 57.

58. Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 58 and, on that basis, denies those allegations. Veolia admits the remaining allegations in Paragraph 58.

59. Veolia admits that dryweather flows are captured by a system of pumps and drains owned and operated by Mexican authorities, and water can flow into the United States when the system malfunctions. Veolia lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 59 and, on that basis, denies those allegations.

60.     Veolia admits that USIBWC has owned, operated, and maintained a flood control structure that is a concrete and rock-lined channel, and further admits that this flood control structure begins at the U.S./Mexico border.  The remaining allegations in the second sentence of Paragraph 60 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies those allegations.  Veolia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 and, on that basis, denies those allegations.

61.     Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and, on that basis, denies those allegations.

62.     Veolia admits that the flood control structure is generally dry and that it contains a set of dirt roads and elevated lookout points.  Veolia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 and, on that basis, denies those allegations.

63.     The allegations in the second and fourth sentences of Paragraph 63 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies those allegations.  Veolia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63 and, on that basis, denies those allegations.

64.     Veolia admits the allegations contained in Paragraph 64.

65.     Veolia admits the allegations contained in Paragraph 65.

66.     Veolia admits that the canyon collectors are comprised, in part, of a concrete channel connected to a shallow basin that is equipped with a drain covered by a screen.  Dryweather flows that enter the canyon collectors' drains are diverted and pumped to the South Bay Plant for treatment to secondary standards.   The canyon collector system has valves that controls the amount of dryweather flows that are pumped to the plant.  Any dryweather flows that exceed the canyon collectors' capacity flow past the collectors into

unimproved downstream sections of the Tijuana River and its tributary canyons. As to the remaining allegation contained in Paragraph 66, Veolia denies those allegations.

67. Veolia denies the allegations contained in Paragraph 67.

68. The allegations in Paragraph 68 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies those allegations.

69. The allegations in Paragraph 69 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies those allegations.

70. Veolia admits that dryweather transboundary flows contain pollutants and wastes. Veolia denies the remaining allegations contained in Paragraph 70.

71. The allegations in Paragraph 71 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies those allegations.

72. Veolia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72 and, on that basis, denies those allegations.

73. The allegations in Paragraph 73 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies those allegations.

74. The allegations in Paragraph 74 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies those allegations.

75. Plaintiffs purport to characterize an exhibit attached to the SAC, which constitutes legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, on that basis, denies those allegations.

76.     The allegations in Paragraph 76 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76 and, on that basis, denies those allegations.

77.     The allegations in Paragraph 77 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77 and, on that basis, denies those allegations.

78.     The allegations in Paragraph 78 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies those allegations.

79.     Veolia denies the allegations contained in Paragraph 79.

80.     The allegations in Paragraph 80 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies those allegations.

81.     The allegations in Paragraph 81 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies those allegations.

82.     Plaintiffs purport to characterize a "Spill and Transboundary Wastewater Flow Event Prevention and Response Plan" (the "Plan"), which speaks for itself.  Veolia denies any allegations that are inconsistent with or misrepresent the terms of the document.  In addition, the allegations regarding the Plan constitutes legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia admits the canyon collector system has valves that controls the amount of dryweather flows that are pumped to the South Bay Plant.  Veolia admits that it has operated and managed the South Bay Plant in compliance with the applicable NPDES permit and the Plan.  The remaining allegations in Paragraph 82 are legal arguments

and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies the allegations.

83. The allegations in Paragraph 83 constitute legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies the allegations except to admit that it moves wastes within the canyon collectors into piles within the collectors and it constructs small earthen mounds to assist in channeling more water into the canyon collectors' drains.

84. Veolia admits that it constructs small earthen mounds to assist in channeling more water into the canyon collectors' drains. The remaining allegations in Paragraph 84 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies those allegations.

85. The allegations in Paragraph 85 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies those allegations.

86. The allegations in Paragraph 86 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies those allegations.

87. The allegations in Paragraph 87 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies those allegations.

88. Plaintiffs purport to characterize an exhibit attached to the SAC, which constitutes legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies those allegations except to admit that spill and flow reporting requirements have been established in the NPDES permit. The NPDES permit and any reports issued pursuant to the permit speak for themselves. Veolia denies any allegations that are inconsistent with or misrepresent the terms of these documents.

89. Plaintiffs purport to characterize an exhibit attached to the SAC, which constitutes legal arguments and/or conclusions, which do not require a response. To the

12

extent a response is required, Veolia denies those allegations except to admit that canyon collector inspection reporting requirements have been established in the NPDES permit. The NPDES permit and any reports issued pursuant to the permit speak for themselves. Veolia denies any allegations that are inconsistent with or misrepresent the terms of these documents.

90.     The allegations in Paragraph 90 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies those allegations.

91.     The allegations in Paragraph 91 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies those allegations.

92.     The allegations in Paragraph 92 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 and, on that basis, denies those allegations.

93.     Veolia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93 and, on that basis, denies those allegations.

94.     The allegations in Paragraph 94 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 and, on that basis, denies those allegations.

95.     The allegations in Paragraph 95 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 and, on that basis, denies those allegations.

96.     The allegations in Paragraph 96 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies those allegations.

97.     Plaintiffs purport to characterize an exhibit attached to the SAC and other documents, which constitutes legal arguments and/or conclusions, which do not require a response.  Moreover, documents sent to the Regional Water Board speak for themselves.  Veolia denies any allegations that are inconsistent with or misrepresent the terms of the documents.  To the extent a response is required, Veolia denies these allegations.

98.     The allegations in the first sentence of Paragraph 98 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies those allegations.   As for the second sentence in Paragraph 98, Plaintiffs purport to characterize an exhibit attached to the SAC, which constitutes legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies those allegations.

99.     The allegations in Paragraph 99 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies those allegations.

100.   The allegations in Paragraph 100 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 and, on that basis, denies those allegations.

101.   The allegations in Paragraph 101 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 and, on that basis, denies those allegations.

102.   The allegations in Paragraph 102 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies the allegations set forth in subsections "a," "b," and "c" of Paragraph 102.

103. Veolia refers to and reasserts its responses to the allegations set forth in Paragraphs 1-102 of the SAC.

104. The allegations in Paragraph 104 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia admits the allegations.

105. The allegations in Paragraph 105 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia admits the allegations.

106. The allegations in Paragraph 106 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia admits that USIBWC owns, operates, and maintains a flood control structure.

107. The allegations in Paragraph 104 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 and, on that basis, denies those allegations.

108. The allegations in Paragraph 108 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 and, on that basis, denies those allegations.

109. Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 and, on that basis, denies those allegations.

110. The allegations in Paragraph 110 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and, on that basis, denies those allegations.

111. The allegations in Paragraph 111 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and, on that basis, denies those allegations.

112.  The allegations in Paragraph 112 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and, on that basis, denies those allegations.

113.  The allegations in Paragraph 113 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 and, on that basis, denies those allegations.

114.  Paragraph 114 is a reference to the prayer for relief.  No response is required.

115.  Veolia refers to and reasserts its responses to the allegations set forth in Paragraphs 1-114 of the SAC.

116.  The allegations in Paragraph 116 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies these allegations except to admit that it operates and maintains the canyon collectors.

117.  The allegations in Paragraph 117 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies those allegations.

118.  The allegations in Paragraph 118 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies these allegations.

119.  The allegations in the first sentence of Paragraph 119 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies those allegations.  As to the allegations in the second sentence of Paragraph 119, the document speaks for itself.  Veolia denies any allegations that are inconsistent with or misrepresent the terms of the document.  The allegations in the third sentence of

Paragraph 119 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies those allegations.

120. The allegations in Paragraph 120 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies these allegations.

121. The allegations in Paragraph 121 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies these allegations.

122. The allegations in Paragraph 122 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies these allegations.

123. The allegations in Paragraph 123 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies these allegations.

124. Paragraph 124 is a reference to the prayer for relief. No response is required.

125. Veolia refers to and reasserts its responses to the allegations set forth in Paragraphs 1-124 of the SAC.

126. The allegations in Paragraph 126 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia admits the allegations.

127. The allegations in Paragraph 127 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia lacks knowledge or information sufficient to form a belief as to the truth of these allegations, on that basis, denies those allegations except to admit that Veolia is a "person" within the meaning of RCRA.

128. The allegations in Paragraph 128 are legal arguments and/or conclusions, which do not require a response. To the extent a response is required, Veolia denies the allegations set forth in subsections "a" – "f" of Paragraph 128.

129.    The allegations in Paragraph 129 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies the allegations.

130.    The allegations in the first sentence of Paragraph 130 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies the allegations.   As for the remaining allegations in Paragraph 130, Veolia lacks knowledge or information sufficient to form a belief as to the truth of these allegations, on that basis, denies those allegations.

131.    The allegations in the first sentence of Paragraph 131 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies the allegations.   As for the remaining allegations in Paragraph 131, Veolia lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies those allegations.

132.    The allegations in Paragraph 132 are legal arguments and/or conclusions, which do not require a response.  To the extent a response is required, Veolia denies the allegations.

133.    Paragraph 133 is a reference to the prayer for relief.  No response is required.

<u>**Prayer for Relief**</u>

Veolia asserts that no response is required to the allegations, if any, in Paragraphs 1-5 of the SAC's prayer for relief.  To the extent a response is required, Veolia denies the allegations and denies that Plaintiffs are entitled to the relief requested.

<u>**AFFIRMATIVE DEFENSES**</u>

Without admitting any wrongful conduct on Veolia's part, and without admitting that Plaintiffs have suffered any losses, damages, or injuries, Veolia alleges the following affirmative defenses to the SAC.  By designating the following as affirmative defenses, Veolia does not in any way waive or limit any defenses which are or may be raised by its denials, allegations, and averments set forth herein.  Certain affirmative defenses are asserted for completeness and refer to facts and proof which also negate required elements

of Plaintiffs' claims, and by raising such defenses, Veolia does not admit that Plaintiffs do not have the burden of proof for any or all facts underlying any of those defenses or suggest that Veolia is required to carry the burden as to such elements.

These defenses are pled in the alternative, are raised to preserve the rights of Veolia to assert such defenses, and are without prejudice to Veolia's ability to raise other and further defenses. Veolia expressly reserves all rights to re-evaluate their defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and during pretrial proceedings in this action.

## First Affirmative Defense

1.      Plaintiffs' claims, in whole or in part, fail to state claims upon which relief can be granted.

## Second Affirmative Defense

2.      The Court lacks subject matter jurisdiction over Plaintiffs' claims.

## Third Affirmative Defense

3.      Plaintiffs' claims are barred, in whole and/or in part, because the alleged injuries and damages, if any, resulted from an intervening or superseding cause and/or causes.

## Fourth Affirmative Defense

4.      Plaintiffs' claims are barred, in whole and/or in part, because the acts or omissions of other persons or entities, whether named or unnamed in the SAC, over whom Veolia had no supervision or control and for whose actions and omissions Veolia has no legal responsibility, caused and/or contributed to the alleged damages.

## Fifth Affirmative Defense

5.      Plaintiffs' claims are barred, in whole and/or in part, because Veolia complied with the NPDES Permit and/or alleged violations, if any, are excusable under the permit.

## <u>Sixth Affirmative Defense</u>

6.     Plaintiffs' claims are barred, in whole and/or in part, by the Water Transfers Rule, 73 Fed. Reg. 33,697-708, 40 C.F.R. § 122.3(i).

## <u>Seventh Affirmative Defense</u>

7.     The United States has not waived its sovereign immunity against civil penalties arising from Clean Water Act violations.  As a government contractor acting within its delegated authority, Plaintiffs' claims for civil penalties against Veolia are barred by government contractor immunity, qualified immunity, and/or derivative immunity.

## <u>Eighth Affirmative Defense</u>

8.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, and/or estoppel.

## <u>Reservation of Rights</u>

Veolia reserves the right to supplement this answer and to assert additional or different affirmative defenses based upon evidence or information developed in discovery or otherwise.

## <u>PRAYER FOR RELIEF</u>

In light of the foregoing, Veolia prays for judgment as follows:

1.     That the Court enter jugment in favor of Veolia and against Plaintiffs on the SAC;

2.     That the SAC and each claim contained therein be dismissed with prejudice as to Veolia;

3.     That Plaintiffs take nothing by reason of the SAC or otherwise;

4.     That the Court award Veolia its costs of suit incurred herein, including attorneys' fees; and

5.     That the Court order such other and further relief as the Court may deem just and proper.

Dated: December 26, 2018

BIENERT, MILLER & KATZMAN, PLC

By: _/s/ Thomas H. Bienert, Jr._
   Thomas H. Bienert, Jr.
   Email: tbienert@bmkattorneys.com
   Anne A. Uyeda
   Email: auyeda@bmkattorneys.com

   Attorneys for Defendant Veolia Water
   North America – West, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2018, a true and correct copy of the foregoing document was served electronically via the Court's e-filing system to Counsel of Record.


By: */s/ Toni Thomas*
Toni Thomas