UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF IMPERIAL BEACH; SAN DIEGO UNIFIED PORT DISTRICT; and CITY OF CHULA VISTA,<br><br>Plaintiffs,<br><br>v.<br><br>THE INTERNATIONAL BOUNDARY AND WATER COMMISSION–UNITED STATES SECTION; and VEOLIA WATER NORTH AMERICA–WEST, LLC,<br><br>Defendants. | Case No.: 18cv457-JM-LL<br><br>**ORDER VACATING AND RESETTING NOVEMBER 20, 2019 FOLLOW-UP SETTLEMENT CONFERENCE** |

On November 15, 2019, Matthew Edling and Timothy Sloane, counsel for Plaintiffs, and Andrew Coghlan, counsel for Defendant The International Boundary and Water Commission – United States Section ("USIBWC"), jointly called chambers regarding the

follow-up settlement conference currently set for November 20, 2019 in this case and two other related cases.[1] Based on their representations, the Court **ORDERS** the following:

1. The November 20, 2019 follow-up settlement conference is **VACATED** and **RESET** to **Wednesday, March 11, 2020** at **9:30 a.m.** before Magistrate Judge Lopez at **221 West Broadway, Suite 2140, San Diego, California**.[2]

2. On or before **March 3, 2020** the parties shall submit directly to Magistrate Judge Lopez's chambers (via email or hand delivery c/o the Clerk's Office) confidential settlement statements no more than ten (10) pages in length.

3. In addition to counsel who will try the case, a party or party representative with full settlement authority[3] must be present for the conference. The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior. Counsel for a government entity may be excused from this requirement so long as the government attorney who attends the follow-up settlement conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

---

[1] The related cases are Surfrider Foundation v. The International Boundary and Water Commission United States Section, 18cv1621-JM-LL, and People of the State of California v. International Boundary and Water Commission, et al., 18cv2050-JM-LL.

[2] Defendant Veolia Water North America – West, LLC is excused from attending. See ECF No. 73.

[3] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-97 (8th Cir. 2001).

**IT IS SO ORDERED**.

Dated: November 19, 2019

Honorable Linda Lopez
United States Magistrate Judge