UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF IMPERIAL BEACH, et al.<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>THE INTERNATIONAL BOUNDARY & WATER COMMISSION - UNITED STATES SECTION, et al.<br><br>　　　　　　　　　　Defendants. | Case No.: 18cv457-JM-LL<br><br>**REPORT AND RECOMMENDATION TO GRANT JOINT MOTION TO STAY CASE**<br><br>**[ECF No. 99]** |

This Report and Recommendation is submitted to United States District Judge Jeffrey Miller pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. On June 25, 2020, the parties in the instant case and two related cases filed a Joint Motion to Stay requesting that the Court stay the instant case and the related cases[1] and vacate all trial and pretrial

---

[1] The related cases are People of the State of California, et al. v. International Boundary and Water Commission, United States Section, et al., 18cv2050-JM-LL, and Surrider Foundation v. The International Boundary and Water Commission United States Section, 18cv1621-JM-LL.

1

deadlines pursuant to the terms identified in Exhibit A attached to the Joint Motion. ECF No. 99.

The reason for the parties' request is as follows:

> The Parties seek a twelve-month stay of the related cases while the United States Environmental Protection Agency ("EPA"), which is not a party to this action, identifies and moves toward the construction of transboundary pollution control infrastructure in the Tijuana River Valley. Congress recently appropriated to EPA $300 million to address transboundary pollution. And EPA has already initiated a process to evaluate the technical feasibility, and perform an environmental review, of potential infrastructure projects that would address the pollution that underlies this litigation (the "EPA Process"). The Parties believe that staying the litigation while the EPA Process moves forward is the fastest and most efficient means of addressing future transboundary flows in the Tijuana River Valley, and is important to facilitate full engagement by all stakeholders in the EPA Process. Further, staying these cases will conserve the Court's and Parties' resources while EPA gathers information that may reduce disputed factual issues, including those that may require expert testimony, that would otherwise need to be resolved via litigation. The Parties have agreed to seek a stay of the case for a reasonable period commensurate with the expected duration of the EPA Process, and to submit to judicial supervision during the stay via quarterly status conferences. Additionally, upon the entry of the requested stay, USIBWC has committed to spend up to $2 million in the near term to purchase equipment it needs to mitigate transboundary pollution while the EPA Process is underway. For those reasons, the Parties jointly move the Court to stay these cases.

Id. at 3–4.

On July 1, 2020, Defendant International Boundary and Water Commission – United States Section ("USIBWC"), filed a "Notice re: Joint Motion to Stay Case." ECF No. 101. The Notice stated that "USIBWC wishes to clarify that a material term of the Parties' agreement provides for status conferences every 90 days." Id. at 3. The Notice further stated "[i]f the terms of the Parties' Stipulation as negotiated are unacceptable to the Court, or if the Court wishes the Parties to include additional terms beyond those proposed in the Parties' Motion and Stipulation, the Court should deny the Motion to Stay without prejudice." Id. The Court held a telephonic attorneys-only status conference on July 2, 2020 to discuss the Notice. ECF No. 103. During the status conference, counsel for

USIBWC agreed to the Court's recommendation of status conferences every thirty days (instead of every ninety days) as recommended herein. Accordingly, the Court has considered the Joint Motion to Stay and the record as a whole. For the reasons discussed below, the Court **RECOMMENDS** that the Joint Motion to Stay be **GRANTED**.

## I.  LEGAL STANDARD

A Court draws its authority to stay proceedings from "the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Granting a stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433 (2009) (quotations omitted). A "stay is not a matter of right, even if irreparably injury might otherwise result." Id. at 427 (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672 (1926)).

The Ninth Circuit has noted the following three considerations that a district court should take into account before entering a stay: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (citing Landis, 299 U.S. at 254-55 (1936)).

## II.  ANALYSIS

The Court has reviewed the parties' papers and, **RECOMMENDS** that the Court exercise its discretion and **GRANT** a stay in this case. As an initial matter, the Court agrees that the circumstances of this case warrant a stay. As set forth in the parties' Joint Motion, "[t]his litigation arises from the flow of transboundary flow wastewater that passes through USIBWC facilities within San Diego County. These flows are alleged to pose serious health risks to the communities surrounding the Tijuana River, Tijuana River Estuary, and Pacific Ocean near the City of Imperial Beach." ECF No. 99 at 4–5. In December 2019,

the parties were working together and negotiating the scope of work that would form the basis of a study regarding the transboundary flow of wastewater underlying Plaintiffs' claims. Id. at 5. During this time, the parties were advised of the enactment of the United States-Mexico-Canada Implementation Act ("USMCA") [on January 29, 2020], "which appropriated to the EPA $300 million for the construction of priority wastewater treatment works to address transboundary pollution in the Tijuana River Valley, and other areas of the border." Id. at 5. The parties state that "under the USMCA, the EPA has authority to spend that $300 million dollars on pollution control projects, and Plaintiffs expect that the EPA will disburse a substantial portion, if not all, of those funds on projects in the San Diego Tijuana region." Id. Additionally, in late April 2020, the parties learned that the "EPA was planning, pursuant to its authority under the USMCA, to initiate its own assessment of potential infrastructure projects to address transboundary wastewater flows in the Tijuana River Valley." Id. at 6.

On June 2, 2020, the parties state that the EPA announced that it would soon launch a "roughly one-year public process to evaluate the technical feasibility of various potential projects and to perform initial environmental review of those project alternatives consistent with the National Environmental Policy Act." Id. "[T]he EPA Process would also provide an analysis of financial and cost share considerations. The results of those analyses will then inform what projects will be constructed in the Tijuana River Valley using USMCA funds." Id. In sum, the parties state that "the universe of projects that EPA plans to analyze will largely overlap with the universe of projects identified in the [parties'] SOW [scope of work]." Id. Accordingly, "[t]he Parties decided to forgo the Feasibility Study based on the negotiated SOW [scope of work]" and agreed to request a stay of the litigation. Id. The parties' request for a stay of the litigation is pursuant to the terms in the proposed Stipulation, attached to the Joint Motion as Exhibit A (hereinafter "Exhibit A"). Id.; see also Exhibit A attached to the Joint Motion.

The Court finds staying these proceedings pursuant to the terms identified in Exhibit A will ensure the fastest and most efficient means of addressing future discharges from

USIBWC's infrastructure in the Tijuana River Valley. Further, the Court finds that staying these proceedings pursuant to the terms identified in Exhibit A could also mitigate future transboundary flows of the type that are at issue in the instant and related cases, and therefore could streamline or potentially resolve issues in the litigation without the expenditure of additional significant resources. The Court also finds that staying these proceedings pursuant to the terms identified in Exhibit A could reduce the disputed factual issues in the instant and related cases. For these reasons, the Court finds that a stay serves the parties', the Court's, and the public's interest. <u>See</u>, <u>e.g.</u>, <u>Romero v. Securus Techs., Inc.</u>, 383 F. Supp. 3d 1069, 1077 (S.D. Cal. 2019) (public has a prevailing interest "in efficient use of judicial resources").

The Court thus **RECOMMENDS** that the parties' Joint Motion to Stay be **GRANTED** as set forth below.

### III.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order:

(1) approving and adopting this Report and Recommendation;

(2) **GRANTING** the Joint Motion to Stay in the instant and two related cases [ECF No. 99] for twelve months from the date of this Report and Recommendation and vacating all trial and pretrial dates on calendar[2];

(3) directing the parties to participate in an attorneys-only telephonic status conference with the undersigned Magistrate Judge every thirty days for the duration of the stay[3]; and

---

[2] The Stay is based on the terms set forth in Exhibit A, except that the status conferences will be held every thirty days instead of every ninety days as provided in Paragraph 6 of Exhibit A [ECF No. 99-1 at 5].

[3] In the event that this Report and Recommendation is adopted, the first attorneys-only telephonic status conference will be held on **August 19, 2020** at **9:30 a.m.** Following the first telephonic status conference, the undersigned Magistrate Judge will issue a scheduling

(4) directing the parties, within fourteen days of termination of the stay, to contact the Chambers of the undersigned Magistrate Judge to jointly request a status conference at which they shall update the Court on

    (a) the status of the EPA Process, and USIBWC's use of its newly-purchased equipment;

    (b) the status of settlement negotiations; and

    (c) if litigation should resume and a proposed discovery and trial schedule.

**IT IS SO ORDERED.**

Dated: July 2, 2020

Honorable Linda Lopez
United States Magistrate Judge

---

order including the dates and times for the remaining conferences for the duration of the stay.